# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TYRONE DAVID JAMES, SR., | Case No.: 2:18-cv-00900-KJD-GWF |
| Petitioner | |
| v. | ORDER |
| WILLIAMS, et al., | |
| Respondents | |

This court previously denied a motion for appointment of counsel by 28 U.S.C. § 2254 habeas corpus petitioner Tyrone David James, Sr. (*see* ECF No. 6). The Federal Public Defender (FPD) has now filed an unopposed motion for appointment of counsel on behalf of James (ECF No. 16). The FPD explains that counsel for respondents informed her that the Clark County District Attorney's office has indicated that there may be new, relevant DNA information in James' case. The FPD states that respondents also believe appointment of counsel would be beneficial. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986). Good cause appearing, the motion for counsel is granted.

In light of the appointment of counsel, respondents' motion to dismiss is denied without prejudice.

**IT IS THEREFORE ORDERED** that petitioner's unopposed motion for appointment of counsel (ECF No. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent petitioner.

**IT IS FURTHER ORDERED** that the Clerk shall **ELECTRONICALLY SERVE** the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF No. 7). The FPD shall have 30 days from the date of entry of this order to file a notice of appearance.

**IT IS THEREFORE ORDERED** that counsel for petitioner shall meet with petitioner as soon as reasonably possible, if counsel has not already done so, to: (a) review the procedures applicable in cases under 28 U.S.C. § 2254; (b) discuss and explore with petitioner, as fully as possible, the potential grounds for habeas corpus relief in petitioner's case; and (c) advise petitioner that all possible grounds for habeas corpus relief must be raised at this time in this action and that the failure to do so will likely result in any omitted grounds being barred from future review.

**IT IS FURTHER ORDERED** that petitioner shall have 90 days from the date of this order to FILE AND SERVE on respondents an amended petition for writ of habeas corpus, which shall include all known grounds for relief (both exhausted and unexhausted).

**IT IS FURTHER ORDERED** that respondents shall have 45 days after service of an amended petition within which to answer, or otherwise respond to, the amended petition. Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

**IT IS FURTHER ORDERED** that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT IS FURTHER ORDERED** that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that petitioner shall have 45 days from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT IS FURTHER ORDERED** that any state court record exhibits filed by the parties herein shall be filed with an index of exhibits identifying the exhibits by number or letter. The

CM/ECF attachments that are filed shall further be identified by the number or letter of the exhibit in the attachment.

**IT IS FURTHER ORDERED** that the parties SHALL SEND courtesy copies of all exhibits to the Reno Division of this court. Courtesy copies shall be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. Additionally, in the future, all parties shall provide courtesy copies of any additional exhibits submitted to the court in this case—numbered sequentially to follow earlier-filed exhibits—in the manner described above.

**IT IS FURTHER ORDERED** that petitioner's ex parte motion to dismiss (ECF No. 9) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that respondent's motion to dismiss (ECF No. 10) is **DENIED** without prejudice.

Dated: February 28, 2019

_____
KENT J. DAWSON
U.S. DISTRICT JUDGE