UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TYRONE DAVID JAMES, SR.,

Petitioner,

v.

WILLIAMS, et al.,

Respondents.

Case No. 2:18-cv-00900-KJD-GWF

ORDER

This habeas petition is before the court on petitioner Tyrone David James, Sr.'s unopposed motion for a stay in accordance with *Rhines v. Weber* (ECF No. 26). The motion is granted.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

1

*Rhines*, 544 U.S. at 277. The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). The Court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277; *see also Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).

Here, the Federal Public Defender's Office was appointed as counsel for James in March 2019 after the Attorney General's Office informed the FPD in February 2019 that new, potentially exculpatory DNA evidence had been discovered in this case (*see* ECF No. 17, ECF No. 26, p. 2). James filed an amended federal petition, and he also filed a new state postconviction petition and a state petition for genetic marker testing. His new state postconviction petition is pending before the state courts, along with the new DNA report.

Respondents agree that it is appropriate to stay these federal proceedings in order to allow the state courts to consider James' claims (ECF No. 26, p. 3). James has demonstrated good cause for the unexhausted claims, shown that the claims are sufficiently meritorious, and demonstrated that he has not acted with dilatory intent. *Rhines*, 544 U.S. at 277. Petitioner's motion for a stay and abeyance of this federal habeas corpus proceeding is granted.

**IT IS THEREFORE ORDERED** that petitioner's motion for issuance of stay and abeyance (ECF No. 26) of this federal habeas corpus proceeding is **GRANTED**.

2

**IT IS FURTHER ORDERED** that petitioner's motion to seal exhibit containing DNA report and medical records (ECF No. 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending final resolution of petitioner's postconviction habeas petition.

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner returning to federal court with a motion to reopen the case within 45 days of the issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings on the postconviction habeas petition.

**IT IS FURTHER ORDERED** that the Clerk **SHALL ADMINISTRATIVELY CLOSE** this action, until such time as the court grants a motion to reopen the matter.

DATED: 19 July 2019.

KENT J. DAWSON
UNITED STATES DISTRICT JUDGE